## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Crim. ID No. 1506014357 |
| | ) | |
| | ) | |
| | ) | |
| STEVEN KELLAM, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 24, 2026
Decided: March 31, 2026

## ORDER DENYING RELIEF

This 31st day of March 2026, upon consideration of Defendant's Motion for Correction of an Illegal Sentence and the record in this matter, it appears to the Court that:

(1)    On September 25, 2017, after a jury trial, Steven Kellam ("Defendant") was convicted of 38 criminal offenses, including one count of Racketeering, two counts of First Degree Murder, three counts of Home Invasion, two counts of First Degree Robbery, three counts of Second Degree Conspiracy, one count of First Degree Attempted Robbery, one count of Third Degree Assault, one count of Second Degree Assault, one count of Wearing a Disguise during the Commission of a Felony, and 23 counts of Possession of a Firearm During the Commission of a

Felony "PFDCF"). On March 23, 2018,[1] he was sentenced to two life sentences plus 769 years at Level 5.[2] On June 13, 2019, his conviction was upheld by the Delaware Supreme Court on direct appeal.

(2) On August 28, 2019, Defendant filed a timely *pro se* Rule 61 Petition and Request for Appointment of Counsel. On October 15, 2021, Postconviction Counsel, having been appointed, filed an Amended Rule 61 Petition. On May 22, 2024, I granted the Petition with respect to Defendant's two convictions for First Degree Murder (Counts 3 and 8) and the six related convictions for PFDCF (Counts 4, 5, 6, 9, 10 and 11) and vacated those convictions. I denied the Petition with respect to the remaining convictions.

(3) On May 13, 2025, the Delaware Supreme Court held that trial counsel's failure to object to a first-degree felony-murder jury instruction that was an incorrect statement of law constituted deficient performance by trial counsel, but was not prejudicial to Defendant's defense, as required for an ineffective assistance of counsel claim. It affirmed the judgment but reversed the Superior Court's partial grant of Defendant's motion for postconviction relief and the vacatur of his felony-murder convictions and related PFDCF offenses. It remanded the case for

---

[1] This Sentence Order was modified on March 27, 2018, and corrected on August 2, 2018, to correct scrivener's errors.

[2] A chart is attached as Exhibit A hereto summarizing the Counts in the Indictment, the Offenses charged of which Mr. Kellam was convicted, the number of years of Level 5 incarceration given for each, and, where appropriate, additional comments.

2

reinstatement of those convictions and corresponding resentencing.

(4)     On June 5, 2025, I vacated the 2018 Sentence Orders, reinstated the two felony-murder convictions and resentenced Defendant to life for each. I also reinstated the six PFDCF convictions and reinstated the 25-year Level V sentence for each. The sentences for the rest of the convictions remained the same.[3]

(5)     On July 25, 2025, Defendant filed a Motion to Modify Sentence.[4] That Motion was subsequently withdrawn.

(6)     On March 24, 2026, Defendant *pro se* filed a Motion for Correction of Illegal Sentence (the "Motion"),[5] which claims that existing rules of constitutional law[6] render his sentence invalid.[7] The Court may correct an illegal sentence at any time.[8] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[9] Here, I need only

---

[3] The June 5, 2025, Sentence Order was corrected later on June 5, 2025, and again on June 11, 2025, to correct scrivener's errors therein.

[4] Pursuant to Super. Ct. Crim. R. 35(b).

[5] Pursuant to Super. Ct. Crim. R. 35(a). The grounds for this Rule 35(a) Motion were different from the grounds for the earlier Rule 35(b) Motion.

[6] Defendant cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), which are precursors to the recent case of *Erlinger v. United States*, 602 U.S. 821 (2024).

[7] Defendant did not request the appointment of counsel to represent him in connection with the Motion.

[8] Super. Ct. Crim. R. 35(a).

[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

consult the Indictment and the 2025 Sentencing Orders to determine that Defendant is not entitled to relief under the Motion. Defendant argues that his sentence was illegally enhanced in violation of *Apprendi*, *Blakely*, and *Erlinger* which provide that a fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be submitted to a jury and found unanimously and beyond a reasonable doubt.[10] In this case, the sentencing judge made no factual determinations that exposed Defendant to a higher maximum or minimum sentence. He simply considered the enumerated aggravating factors that guided his determination of an appropriate sentence within the statutory range under Delaware law and the voluntary and nonbinding Delaware sentencing standards. The Delaware Habitual Criminal Act wasn't applied to any of Defendant's sentences. Thus, *Apprendi*, *Erlinger* and similar cases are not implicated. The factors considered by the sentencing judge, whether aggravating or mitigating, are not separate offenses used to enhance a sentence, but simply factors a sentencing judge may consider in determining the proper sentence within the statutory range of punishments.

This Court recently held that *Erlinger* is of no moment to first-degree murder or PFDCF sentences.[11] Delaware law mandates that, "[a]ny person who is convicted

---

[10] See, e.g., *Alleyne v. United States*, 570 U.S. 99 (2013).

[11] *State v. Johnson*, 2025 WL 1431003 (Del. Super. May 19, 2025).

of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction."[12] And anyone sentenced for baseline PFDCF must receive a minimum three-year of imprisonment and may receive up to 25 years.[13] Thus, Mr. Johnson's first-degree murder and PFDCF sentences are each within the statutorily prescribed ranges; neither was enhanced in any way on either the minimum or maximum end.

(7)    Even if Defendant's PFDCF "stacking" claims were meritorious (which they are not), that issue has "no significant current impact":[14] Defendant must serve the rest of his natural life in prison for the two first-degree murders he committed. Thus, any argument about the "stacking" of his PFDCF Level V terms does not appear to present an "actual controversy" because he will never be made to serve it.[15] Consequently, this Court need not expend judicial resources to answer a question that has no significant current impact.[16]

---

[12] 11 *Del. C.* § 4209(a); *Id.* at 636(b) ("Murder in the first degree is a class A felony and shall be punished ... as provided in § 4209 of this title for an offense that was committed after the person had reached the person's eighteenth birthday.").

[13] 11 *Del. C.* §§ 1447A(c) and 4205(b)(2) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and ceiling of "up to 25 years to be served at Level V.").

[14] *Govan v. State*, 832 A.2d 12521 (Del. 2003).

[15] *Id.*

[16] *Id.* ("Unless [the Rule 35(a) movant] can establish that the [complained-of sentence term] has some current impact on him, Delaware courts are not required to expend judicial resources to answer questions that have no significant current impact."); *Marvel v. State*, 5 A.3d 631 (Del.

(7) In sum, Defendant has demonstrated no illegality in the substance of either his cumulative sentence or any component thereof. Accordingly, he is due no relief under this Court's Criminal Rule 35(a).

**NOW, THEREFORE IT IS ORDERED** that Defendant's Motion for Correction of an Illegal Sentence is hereby **DENIED**.


/s/ Francis J. Jones
Francis J. Jones



cc:    Prothonotary
       Steven Kellam, *Pro Se*
       Alexis Gatti, Esquire, Deputy Attorney General

---

2010) (whether "erroneous or not," a term in a sentence that has no "significant current impact" on a Rule 35(a) movant doesn't "present[ ] any 'actual controversy' ripe for consideration by this Court.").

6

01/13/14 Incident

| Count | Years Level V | Conviction |
|---|---|---|
| 1 | 25 | Racketeering |
| 3 | Life | Murder (Nelson) |
| 4 | 25 | PFDCF (Nelson Murder) Caliber 40 |
| 5 | 25 | PFDCF (Nelson Murder) Caliber 22 |
| 6 | 25 | PFDCF (Nelson Murder) Caliber 32 |
| 8 | Life | Murder (Hopkins) |
| 9 | 25 | PFDCF (Hopkins Murder) Caliber 40 |
| 10 | 25 | PFDCF (Hopkins Murder) Caliber 22 |
| 11 | 25 | PFDCF (Hopkins Murder) Caliber 32 |
| 12 | 25 | Home Invasion |
| 13 | 25 | PFDCF (Home Invasion) Caliber 40 |
| 14 | 25 | PFDCF (Home Invasion) Caliber 22 |
| 15 | 25 | PFDCF (Home Invasion) Caliber 32 |
| 16 | 25 | Robbery 1 (Hopkins) |
| 17 | 25 | PFDCF (Home Invasion) Caliber 40 |
| 18 | 25 | PFDCF (Home Invasion) Caliber 22 |
| 19 | 25 | PFDCF (Home Invasion) Caliber 32 |
| 20 | 25 | Robbery 1 (Nelson) |
| 21 | 25 | PFDCF (Home Invasion) Caliber 40 |
| 22 | 25 | PFDCF (Home Invasion) Caliber 22 |
| 23 | 25 | PFDCF (Home Invasion) Caliber 32 |
| 24 | 2 | Conspiracy 2 |

SUBTOTAL   477 + 2 Life

12/11/14 Incident

| Count | Years Level V | Conviction |
|---|---|---|
| 46 | 25 | Home Invasion (Lofland) |
| 47 | 25 | PFDCF (Home invasion) |
| 48 | 25 | PFDCF (Home Invasion) |
| 51 | 25 | Attempted Robbery 1 |
| 52 | 25 | PFDCF (Attempted Robbery 1) |
| 53 | 25 | PFDCF (Attempted Robbery 1) |
| 57 | 25 | PFDCF (Assault 2) |

| | | |
|---|---|---|
| 58 | 25 | PFDCF (Assault 2) |
| 61 | 2 | Assault 3 |
| 62 | 2 | Conspiracy 3 |

SUBTOTAL   203

12/14/14 Incident

| | | |
|---|---|---|
| 63 | 25 | Home Invasion (Foster) |
| 64 | 25 | PFDCF (Home Invasion) |
| 65 | 25 | PFDCF (Home Invasion) |
| 79 | 5 | Disguise |
| 80 | 2 | Conspiracy 2 |
| 81 | 7 | Assault 2 |

SUBTOTAL   89


TOTAL      769 + 2 Life